IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THEODORE R. WINDECKER | § | |
| | § | |
| V. | § | 1:18-CV-00898-LY |
| | § | |
| HANG WEI, et al. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss (Dkt. No. 6), Plaintiff's Response (Dkt. No. 12), Defendants' Reply (Dkt. No. 17), and Plaintiff's Sur-Reply (Dkt. No. 38). The District Court referred the above motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. BACKGROUND

Plaintiff Theodore Windecker brings several causes of action against Defendants Hang Wei, China Vast International, LTD ("Windecker China"), and Windecker Aircraft, Inc. ("Windecker USA"). Plaintiff's claims arise from the sale of his ownership interest in a company owning certain assets and intellectual property to Windecker China pursuant to a Unit Purchase Agreement ("UPA") and Plaintiff's subsequent employment with Windecker USA as its Chief Technology Officer under the terms of an Employment Agreement. Plaintiff alleges, in part, that Windecker China refused to make payments due upon the achievement of milestones related to developing the aircraft assets purchased, and to transfer ownership interests owed pursuant to the UPA; that all Defendants acted to prevent Plaintiff from achieving the milestone payments; and that all Defendants forced Plaintiff to modify the UPA and the Employment Agreement under economic duress. Plaintiff brings claims

for declaratory judgment, separate breach of contract claims for the UPA and the Employment Agreement, and a negligent misrepresentation claim. Windecker China and Windecker USA now move to dismiss the declaratory judgment and negligent misrepresentation claims under Rule 12(b)(6), and Windecker USA additionally moves to dismiss the suit against it as a whole for lack of personal jurisdiction, pursuant to Rule 12(b)(2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

Additionally, a non-resident defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). "If . . . the court rules on personal jurisdiction without conducting an

evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion. . . ." *Id.* (internal quotations and citations omitted). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Id.* The plaintiff must prove that the court has jurisdiction over the defendant with regard to each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if (1) the state's long-arm statute permits an exercise of jurisdiction over that defendant, and (2) an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha,* 882 F.3d at 101; *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied,* 131 S.Ct. 68 (2010). Because the requirements of Texas's long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether this Court's exercise of personal jurisdiction over the Defendants would be consistent with due process. *Id.* The Supreme Court has articulated a two-part test to determine whether a federal court sitting in diversity may properly exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have sufficient "minimum contacts" with the forum state, and (2) subjecting the nonresident to jurisdiction in the forum state must not offend traditional notions of "fair play and substantial justice." *McFadin*, 587 F.3d at 759 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" may give rise to either specific or general personal

jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Jackson v. Tanfoglio Giuseppe, S.R.L.,* 615 F.3d 579, 584 (5th Cir. 2010).

In this Circuit, specific personal jurisdiction is a claim-specific inquiry; a plaintiff bringing multiple claims that arise out of different forum contacts must establish specific jurisdiction for each claim. *McFadin,* 587 F.3d at 759. Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). The touchstone of specific-jurisdiction analysis is "whether the defendant's contact shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759. Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103 (quoting *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014). Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 285.

### III. ANALYSIS

**A.     Rule 12(b)(6) motion**

In their 12(b)(6) motion, Windecker China and Windecker USA argue that the negligent misrepresentation claim should be dismissed for several reasons, including the fact that it is barred

4

by Texas' economic loss rule. They also ask that the Court dismiss the Plaintiff's economic duress claim as time barred.

1. **Negligent Misrepresentation**

As noted, the Windecker entities contend that Plaintiff's negligent misrepresentation claim should be dismissed because it is barred by Texas's economic loss doctrine. They also assert it is at least partially barred by the two-year statute of limitations, and that two essential elements of the claim are missing. For a plaintiff to establish a negligent-misrepresentation claim, a plaintiff must plead: (1) the defendant made a misrepresentation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Cluster for Innovations Inc. v. Palazuelos Hnos S.A. de C. V.*, H-07-842, 2008 WL 11388765, at *6 (S.D. Tex. July 28, 2008).

Defendants argue that the negligent-misrepresentation claim should be dismissed because it is barred by Texas's economic loss doctrine. The Court agrees. The economic loss rule bars recovery for economic damages when the loss is the subject matter of a contract between the parties. *StormWater Structures, Inc. v. Platipus Anchors, Inc.*, 764 F.Supp. 2d 842, 851 (S.D. Tex. 2011). A negligent misrepresentation claim is, however, viable despite the existence of a contract if the plaintiff sustains an injury independent from those stemming from a contractual breach. *D.S.A., Inc. v. Hillsboro Ind. Sch. Dist.*, 973 S.W.2d 662, 663 (Tex. 1998); *see also Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016); *Smith v. JPMorgan Chase Bank, N.A.*, 519 F.App'x 861, 865 (5th Cir. 2013)

5

(a plaintiff may not bring a claim for negligent misrepresentation unless he can show that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim). Here, Plaintiff has not met his burden to show that he suffered an injury that is distinct and separate from losses recoverable under a breach of contract claim. As Defendants rightly argue, the independent harms that Plaintiff alleges all arise from alleged breaches of contract. As Plaintiff himself notes in his Response, "[t]he Milestone 1 payment was included *in the Unit Purchase Agreement* to pay the accumulated debt noted above and to prevent the loss of Windecker's home." Dkt. No. 12 at 6 (emphasis added). More specifically, Plaintiff notes that the Milestone 1 payment was intended to pay the debt associated with his acquisition, retrieval, ownership, and storage of the Windecker Eagle assets. *Id*. Furthermore, the travel and moving-related expenses associated with Windecker's move from North Carolina to Austin and the refinancing of his home in Texas are alleged violations of the Employment Agreement, as Plaintiff himself again readily admits. *Id*. Plaintiff fails to respond to Defendants' arguments in his Sur-Reply. As such, the Court recommends that Defendants' Motion to Dismiss as to the negligent misrepresentation claim be granted.

    2.    **Economic Duress**

Defendants next argue that Plaintiff's prayer for declaratory relief should be dismissed given that the limitations period has passed for declaratory relief based on economic duress. Plaintiff responds that the limitations period has not run, given that a duress theory in fraud is subject to a four-year statute of limitations, as opposed to a two year limitations period. The Court disagrees. Based on Texas law, Windecker's declaratory judgment claim is untimely.

Under Texas law, an economic duress claim has the following elements: (1) a threat to do something the party threatening has no legal right to do; (2) some illegal action or some fraud or deception by the threatening party; and (3) restraint so imminent that it destroys the free agency of the threatened party to such an extent that the threatened party is without means to protect himself. *F.D.I.C. v. Perry Bros., Inc.*, 854 F. Supp. 1248, 1266 (E.D. Tex. 1994). Plaintiff argues that the duress theory he relies on is based in fraud and subject to a four-year statute of limitations, rather than a two-year limitations period applicable to a duress claim based in trespass. Plaintiff further argues that Defendants' reliance on the *Castillo* case is misplaced, in part, because the Fifth Circuit acknowledged in that case that "[n]o specific case or statute dictates whether the statute of limitations for duress is two or four years." *Castillo v. First City of Bancorporation of Texas, Inc*, 43 F.3d 953, 962-63 (5th Cir. 1994). Plaintiff argues that because he does not allege any real or threatened violence, his duress theory is fraud, not trespass-based. Finally, he contends that the *Castillo* court did not consult or discuss Section 16.051 of the Texas Civil Practice & Remedies Code, which proscribes a four-year limitations period for causes of action that are not subject to express limitations periods.

Plaintiff's arguments are foreclosed by *Castillo*. While Plaintiff accurately quotes *Castillo*'s reasoning that no specific case or statute dictates whether the statute of limitations for duress is two or four years, the Fifth Circuit nevertheless, as Defendants point out, found that a duress claim under Texas law is a trespass action, and that trespass actions are expressly governed by a limitations period of two years. *Castillo*, 43 F.3d at 962-63. Therefore, given that the parties do not disagree on the accrual date of the cause of action, August 6, 2016, and Plaintiff filed suit on August 28, 2018, the Court recommends dismissal as to Plaintiff's declaratory judgment cause of action.

## C. Personal Jurisdiction

Finally, Defendant Windecker USA brings a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. Here, Plaintiff has met his burden to establish a prime facie case for personal jurisdiction over Windecker USA. First, the Employment Agreement contains a choice-of-law provision in favor of Texas. Dkt. No. 1-4 at 40, Employment Agreement § 11(f) ("The Parties expressly agree that this Agreement shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, the laws of the State of Texas, regardless of the laws that might otherwise govern under applicable principles of conflicts of law.") While a choice-of-law provision by itself is insufficient to create personal jurisdiction, it is nevertheless a factor in the minimum-contacts analysis. *Am. Gen. Life. Ins. Co. v. Rasche*, 273 F.R.D. 391, 395 (S.D. Tex. 2011). In addition, Hang, as an executive of Windecker USA, allowed Plaintiff to relocate to Austin, Texas and communicated with Plaintiff in Texas as Plaintiff performed his role for Windecker USA. Dkt. No. 12 at 17; Dkt. No. 12-1 at ¶ 32. Furthermore, the Technology Division of Windecker Aircraft was relocated to Austin and Plaintiff performed various functions and duties from Austin in his role as Chief Technology Officer (CTO) for Windecker USA. Dkt. No. 12-1 at ¶¶ 21-22, 24. In addition, Windecker alleges that Windecker Eagle assets were and continue to be stored in Austin, including during the time that Plaintiff worked as CTO of Windecker USA. Dkt. No. 38 at 3. Finally, other employees of Windecker USA, including Richard Winter, the Chief Financial Officer and Chief Operations Officer, spent time working in Texas. Dkt. No. 12-1 at ¶¶ 20, 23. These associations, coupled with the choice-of-law provision, are not mere "fortuitous" encounters on behalf of Windecker USA, but rather constitute intentional conduct and purposeful availment that passes the minimum contacts test for Plaintiff's breach of contract claim.

Given that Windecker has established minimum contacts between the Defendant and Texas, the burden of proof shifts to the Defendant to show that the assertion of jurisdiction is unfair and unreasonable. *Sangha*, 882 F.3d at 102. In evaluating whether the exercise of jurisdiction is fair and reasonable, the court balances: "(1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plantiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies." *Id*. The case must be "compelling" as "[i]t is rare to say the assertion is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213, 215 (5th Cir. 1999). Here, Defendant has not met its burden to demonstrate that the exercise of jurisdiction is unfair and unreasonable. In fact, nowhere in Defendant's Motion or Reply does it argue that the exercise of jurisdiction would be unfair or unreasonable. Given the abundance of communications and travel done to Texas by Hang, a Windecker USA official, and the fact that Windecker USA employees have done significant work in Austin, and its assets have been stored here, the Court finds that the exercise of jurisdiction neither unfair nor unreasonable.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) be **GRANTED IN PART and DENIED IN PART**. Specifically, the undersigned recommends that Plaintiff's declaratory judgment and negligent misrepresentation claims be **DISMISSED** for failure to state a claim, but that otherwise the motion be **DENIED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)© (2006); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 26th day of August, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE