# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| THEODORE R. WINDECKER | § | |
| --- | --- | --- |
| | § | |
| V. | § | 1:18-CV-00898-LY |
| | § | |
| HANG WEI, et al. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Conduct Expedited Rule 34 Inspection of Airplane Assets (Dkt. No. 39), and the Defendants' Response (Dkt. No. 41). The district judge referred the motion to the undersigned for a resolution pursuant to 28 U.S.C. § 636(a) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

As detailed in other orders and reports of the undersigned, this is a suit between Theodore Windeker and two corporations, as well as their ultimate owner, alleging that the corporations breached their contracts with Windecker regarding the sale of certain airplane assets and related property. In the present motion, Windecker seeks an order requiring the Defendants to permit him to inspect what the parties refer to as either the "Eagle Assets" or "airplane assets." In a document titled Unit Purchase Agreement, Windecker sold to China Vast International, LTD certain property related to an aircraft designed by Windecker's father, and described as the Windecker Eagle 1. The agreement is complex, comprising 32 pages. In brief, Windecker contends that though he has transferred all of the property the contract obligated him to transfer, China Vast has failed to make most of the payments due under the agreement.

The present motion, however, does not require any decisions regarding the merits of the contract dispute. Windecker requests only that the Court order China Vast, its subsidiary Windecker

Aircraft, Inc. and the ultimate owner of both, Hang Wei, to allow Windecker to inspect the airplane assets to ensure that they are safe. The Defendants oppose the request, and, as they have apparently been doing for some time, they fail in their response to identify the whereabouts of the assets, or what their current condition is. For the reasons set forth below, the Court will grant the motion.

## II. DISCUSSION[1]

At the time the motion was filed, the parties had yet to have a Rule 26(f) conference, and thus under the Federal Rules, Windecker was not permitted to unilaterally require the Defendants to comply with what is a simple discovery request, explicitly permitted by the Federal Rules of Civil Procedure. He therefore filed the instant motion to receive permission to do so early. Prior to filing the motion, he made informal inquiries with counsel for the Defendants regarding the state of the assets, but counsel's response was unhelpful: "I . . . do not have any information regarding the status of the Eagle Assets shortly. I advised my client of your correspondence, and I expect to have a response regarding the status of the Eagle Assets." Dkt. No. 39 at 13. The letter goes on to argue that Windecker has no basis to inspect the assets, as the Defendants believe his claims lack merit. Mirroring the approach taken in the letter, the Defendants' response to the motion is filled with arguments about the merits, why an inspection is premature, and related procedural complaints, while providing absolutely no information about the assets, their whereabouts, or their condition.

It is plain from the pleadings in this case that there is a colorable, live dispute between the parties regarding whether Defendants have met the obligations of the Unit Purchase Agreement, and

---

[1]As Defendants note, Windecker does not specifically list the assets he is referring to in his motion. For clarity, the assets that the undersigned is referring to in this order are those contained in the list called "Physical Assets" included as Exhibit A, Disclosure Schedules Section 3.03 of the Unit Purchase Agreement, found in the pleadings in Dkt. No. 1-4 at 27. Defendants note that their understanding is the same. Dkt. No. 41 at 1 n.3.

the related Employment Agreement. Windecker claims the Defendants have failed to make more than $4 million in contractually obligated payments. One of the primary forms of consideration he delivered to the Defendants under the contract were the airplane assets. As he notes, if he "should later prevail in this lawsuit and establish his entitlement to the Windecker Assets, the entirety of the lawsuit would be self-defeating if it turns out that the Eagle Assets had been permanently damaged in the interim." Dkt. No. 39 at 1. While the Defendants treat the request as if it seeks injunctive relief, in fact it is simply a discovery request explicitly permitted by Rule 34, which allows a party to request their opponent to "permit the requesting party . . . to inspect any designated tangible things; or to permit entry onto . . . property possessed or controlled by the responding party, so that the requesting party may inspect . . . any designated object . . . on it." FED. R. CIV. P. 34(a)(1) & (2).

Given that the request falls squarely within the scope of what the rules permit, and that it addresses property that is at the center of this lawsuit, the Defendants' position on the motion smacks of game playing. Regardless of what defense counsel's clients might want to do, the attorneys are officers of the court, and if they take the clients' games into court that will quickly lead to sanctions. The whereabouts and status of the assets is something that could—and should—have been conveyed to Windecker. Simple professionalism, much less the rules, dictated this. This motion should not have been necessary. Because the request to inspect is something the rules require Defendants to permit, the only issue is the timing of the request. The case has been pending over a year, and the motions to dismiss the corporate defendants have been denied. There is no reason for further delay.

### IV. RECOMMENDATION

For the reasons set forth above, Plaintiff's Motion for Leave to Conduct Expedited Rule 34 Inspection of Airplane Assets (Dkt. No. 39) is **GRANTED**. No later than January 20, 2020,

Defendants are ordered to inform Plaintiff of the location of the assets (as defined in this order) and to permit Plaintiff to inspect those assets on a date agreed to by counsel for the parties, in no event later than February 22, 2020.

SIGNED this 16th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE