**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **THEODORE R. WINDECKER** | § | |
| | § | |
| **v.** | § | **1:18-CV-00898-LY** |
| | § | |
| **HANG WEI, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Hang Wei's 12(b)(2) Motion to Dismiss for Lack of Personal

Jurisdiction and 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 56), Plaintiff's

Response (Dkt. No. 57), and Defendant's Reply (Dkt. No. 58).  The district judge referred the motion

to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c)

of Appendix C of the Local Rules.

## I.  BACKGROUND

This is suit for breach of contract arising out of Plaintiff Theodore Windecker's sale of his

ownership interest in a company to a Chinese company's American subsidiary (China Vast Int'l Ltd.

and Windecker Aircraft Inc., respectively).  The suit was originally filed in state court and was

subsequently removed to this Court based on diversity jurisdiction. Dkt. No. 1. Plaintiff Windecker

is a resident and citizen of Austin, Texas. Dkt. No. 53 at ¶ 1. Defendant China Vast International

Limited ("Windecker China") is a Chinese limited company with its primary place of business in

Hong Kong, China.  *Id.* at ¶ 3.  Defendant Windecker Aircraft, Inc. ("Windecker USA") is a

Delaware corporation with its primary place of business in North Carolina.  *Id.* at ¶ 4.  Individual

Defendant Hang Wei ("Hang") is a citizen of China, domiciled in China, with a residence in North Carolina.  *Id.* at ¶ 2.

After removal, Windecker China and Windecker USA (together, the "Corporate Defendants") filed their first motion to dismiss (Dkt. No. 6), which the Court granted in part and denied in part. Dkt. No. 40. Specifically, the Court dismissed the negligent misrepresentation and economic duress claims against all Defendants for failure to state a claim, but denied the motion seeking to dismiss the claims against Windecker USA for lack of personal jurisdiction.  Dkt. Nos. 40, 44. Subsequently, Defendant Hang filed a motion to dismiss for insufficient service of process, lack of personal jurisdiction, and failure to state a claim.  Dkt. No. 27.  The Court denied the motion seeking to dismiss the claims against Hang for insufficient service, but dismissed the claims against Hang for lack of personal jurisdiction and failure to state a claim, subject to repleading.  Dkt. Nos. 47, 54.

On January 31, 2020, Windecker filed an Amended Complaint.  Dkt. No.  53.  In the instant motion, Hang seeks to dismiss the claims against him for lack of personal jurisdiction and failure to state a claim, arguing that (a) Hang is not subject to personal jurisdiction in Texas and (b) Windecker's Amended Complaint fails to plead factual allegations sufficient to support the veil piercing claim against Hang.  Dkt. No. 56.

## II. LEGAL STANDARDS

### A.    Rule 12(b)(2)

A defendant who is not a resident of the suit's forum may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). "If . . . the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie*

case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion. . . ." *Id.* (internal quotations and citations omitted). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Id.* The plaintiff must prove that the court has jurisdiction over the defendant with regard to each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if (1) the state's long-arm statute permits an exercise of jurisdiction over that defendant, and (2) an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha,* 882 F.3d at 101; *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied,* 131 S.Ct. 68 (2010). Because the requirements of Texas's long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether this Court's exercise of personal jurisdiction over the Defendants would be consistent with due process. *Id.* The Supreme Court has articulated a two-part test to determine whether a federal court sitting in diversity may properly exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have sufficient "minimum contacts" with the forum state, and (2) subjecting the nonresident to jurisdiction in the forum state must not offend traditional notions of "fair play and substantial justice." *McFadin*, 587 F.3d at 759 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" may give rise to either specific or general personal

jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Jackson v. Tanfoglio Giuseppe, S.R.L.,* 615 F.3d 579, 584 (5th Cir. 2010).

In this Circuit, specific personal jurisdiction is a claim-specific inquiry; a plaintiff bringing multiple claims that arise out of different forum contacts must establish specific jurisdiction for each claim. *McFadin,* 587 F.3d at 759. Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). The touchstone of specific-jurisdiction analysis is "whether the defendant's contact shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759. Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103 (quoting *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014). Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 285.

## B.      Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the

light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).   While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

A.     **Personal Jurisdiction**

Hang first argues that the claims against him should be dismissed because he is not subject to jurisdiction in Texas.   Windecker's sole basis for arguing personal jurisdiction over Hang is under a theory of alter ego—that the Court has personal jurisdiction over the Corporate Defendants, and those defendants are Hang's alter ego, thus the Court has personal jurisdiction over Hang.   In its prior report and recommendation, the Court found that Windecker's Original Petition did not include sufficient facts to establish a colorable theory of alter ego, but granted Windecker leave to amend to try to cure the deficiencies in his claims.   *See* Dkt. No. 47.   In the instant motion, Hang argues that the Amended Complaint still does not establish alter ego and thus dismissal under Rule 12(b)(2) is proper.

As a general rule, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation[.]" *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). However, where a corporation is the alter ego of the individual officer, "courts attribute to an individual the corporation's contacts with the forum states." *Id.* In determining whether a corporation is the alter ego of an individual, state law applies. *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188, at *2 (W.D. Tex. July 6, 2017). Here, the parties agree that Texas law governs the analysis.

Under Texas law, to establish personal jurisdiction under a theory of alter ego, courts consider whether "there is such unity between a corporation and an individual that the separateness of the corporation has ceased and asserting jurisdiction over only the corporation would result in an injustice." *Cappuccitti v. Gulf Indus. Prod., Inc.*, 222 S.W.3d 468, 481 (Tex. App. 2007). Courts consider a number of factors and look to the "total dealings of the corporation and the individual, including the degree to which corporate and individual property have been kept separately, the amount of financial interest, ownership, and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Id.* Notably, for jurisdictional purposes, Windecker need only make a prima facie showing of Hang's alter ego status. *See Stuart*, 772 F.2d at 1198 n.12 ("the alter ego test for attribution of contact, i.e., personal jurisdiction, is less stringent than that for liability."); *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188, at *2 (W.D. Tex. July 6, 2017).

Windecker's Amended Complaint pleads sufficient facts to support a prima facie showing of alter ego such that exercising personal jurisdiction over Hang is justified. For example,

Windecker alleges that (1) Hang is the sole member of Windecker China, which is the parent company and sole owner of Windecker USA (Dkt. No. 53 at ¶ 55, 111); (2) Hang is the director of Windecker USA, which acts for and on behalf of Windecker China (*Id*. at ¶ 4); and that (3) Hang "installed" his wife, Yubi Chen, as CEO of Windecker USA "to control and manipulate" the entity's operations and finances (*Id*. at ¶ 118). Windecker includes detailed factual allegations that Hang abused the corporate form of the Corporate Defendants by using the entities' assets to secure investments for personal use and to purchase personal stock in unrelated companies. *Id.* at ¶¶ 111-117; 120-122. He also alleges that Hang used the corporate investment in Windecker USA to secure EB-5 visas for his family. *Id.* at ¶¶ 118-119. Accordingly, the Court finds Windecker has adequately alleged facts to support a prima facie showing of an alter ego relationship between Hang and the Corporate Defendants and thus sufficient to attribute personal jurisdiction over Hang for this suit.

## B.    Failure to State a Claim

Hang's motion also asserts that Windecker's Amended Complaint fails to state a claim against him. Windecker's Amended Complaint alleges claims for declaratory relief on a contract, two breach of contract claims, and alter ego. *See* Dkt. No. 56. Hang argues each of these claims should all be dismissed because Windecker has failed to plead facts necessary to support piercing the corporate veil. The Court disagrees.

Under Texas law, courts will pierce the corporate veil for contract claims if: (1) actual fraud is shown and (2) it was perpetrated primarily for the direct personal benefit of the corporation's holder. *See Bates Energy Oil & Gas v. Complete Oildfield Svcs*., 361 F.Supp. 3d 633, 665 (W.D. Tex. 2019). As discussed above, Windecker has sufficiently alleged an alter ego relationship between Hang and the Corporate Defendants. Windecker's Amended Complaint includes specific

factual details of alleged incidents of actual fraud, including specific facts regarding improper use of corporate investments and assets, improper diversions of corporate funds, and various misrepresentations. *See, e.g.* Dkt. No. 53 ¶¶ 111-126.

Windecker further includes specific allegations that these acts of actual fraud were perpetrated primarily for Hang's direct personal benefit, including allegations that Hang diverted funds from the Corporate Defendants to purchase stock in Hang's own name and to fund his personal projects; used the Corporate Defendants "as a vehicle" to obtain green cards for himself, his wife, and his wife's mother; and that Hang made misrepresentations related to the agreements with Windecker in order to reduce the amount of money Hang owed. *Id.* Windecker has thus adequately alleged facts to support piercing the corporate veil. *See Hong v. Havey*, 551 S.W.3d 875, 885 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (finding a showing of direct personal benefit by evidence that funds derived from the corporation's fraudulent conduct were "pocketed by or diverted to the individual defendant."). Accordingly, the Court finds Windecker has stated a claim for relief on his breach of contract claims against Hang.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 56) be **DENIED**.

The Clerk is directed to remove this case from the Magistrate Judge's docket and return it to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

8

being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c) (2006);  *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985);  *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 21st day of July, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

9